and just please watch your clock if you want to save time for rebuttal. Thank you, Your Honor. Thank you for agreeing to hear oral argument. I would like to reserve five minutes for rebuttal. In this case, we all agree about the basic facts. The question is how the law resolves these issues, specifically what would the Oregon Supreme Court do if presented with these facts and these arguments, or which limit of liability applies to Lucas West's permissive use of the covered loaner van. I want to start with the two arguments that have not been addressed in the prior cases cited by the parties. The first one of those is ORS 742.028, which is the simplest way to decide the case. Under 742.028 sub 3, a policy may contain provisions that are not in the insurance code and neither prohibited by law nor in conflict with any statutorily required provisions. The customer exclusion here, of course, is contrary to law in that it excludes coverage for permissive users of the covered vehicle. It's in conflict with the statutorily required provisions. We all agree about that. Some coverage is required. Even Maury v. Farmers said on the face of the opinion that the insurance code, the exclusion there was inconsistent with the coverage required by the insurance code. Safeco versus American Hardware, also heavily relied upon by the insurer here, found that permissive user exclusion is a violation of the FRL. It would be helpful for me if you would just move to the question of why we can't just reform the policy a la Collin. Sure. One, Collins on its face refers to Collins hinged on 742.464, which the court there observed says you have to provide, you have to do certain things for the minimum base coverage. You can do anything you want that is lawful for coverage in excess of that. So there was a passage in Collins. It's the paragraph that starts with the manifest purpose of ORS 742.464. That paragraph ends with the quote, the insurer may limit such additional coverage by any exclusion not otherwise prohibited by law. Collins did not analyze or discuss 742.028. That statute says that policy provisions cannot violate the insurance code in any way rather than being partially in violation of the insurance code. There is no Oregon case law that cites or analyzes ORS 742.028, which is inexplicable to me, but here we are. So this is an argument that if accepted, I think the court doesn't have to go any further. The court can simply say So your argument isn't a crazy argument. It is, but am I correct in saying it's your argument is not consistent with Collins, Safeco, and Mowry, right? Like you acknowledge that if those courts had accepted your argument, those cases would have come out different. So I think your position has to be that those cases represent some sort of island over here of kind of weird cases that aren't consistent with your, but everything else should be interpreted consistent with the argument you're making now, which is you don't reform repugnant provisions in policies, just get eliminated. And then is that so? I think it's a different basis. I think if those courts were presented with the statutory argument, the results would have been different. I think if the Oregon Supreme Court today was presented with, you agree they were presented with it in Mowry, at least. I mean, Mowry, they, they'd had all that time to think about Collins and, and those arguments were presented in Mowry. Similar arguments with a different ground, Your Honor. In, nobody has cited, no, those opinions do not cite to ORS 742.028, which, again, I can't explain. I can simply say that they do not appear on the face of the opinions. So this, at least in terms of. Do you know if the, that provision was, sometimes, you know, when judges are writing something a certain way, you just avoid the inconvenient, you know, law that doesn't go in your direction. But that doesn't mean that the argument wasn't made to you. Do you know if, is your, is your position, I haven't looked at the briefing in Mowry and such, but is your, do you think it wasn't, those arguments weren't made to the Oregon Supreme Court? To my knowledge, that argument was not made. I will say I did not check the Mowry briefing or Collins for that matter. So, in terms of a new argument that was not made in the prior cases, that statute, which has been part of the insurance code for a while, is a simple way to avoid those cases. You can simply decide that this exclusion is contrary to the insurance code, which Mowry, I think, would agree with based on what they said in the opinion, and then apply the statute, which would end up excluding, sorry, would end up invalidating the customer exclusion in this case. Another thing to consider in that is there is another Oregon statute, 731-008. The insurance code is for the protection of the public, and to allow an insurance company to write a provision which is partly contrary to law does not protect the insurance buying public. Again, that makes sense, but, I mean, that is exactly what Collins and Mowry actually encourage, right? You know, when I first looked at this case and read all your briefing, you know, I said, why do they have, why don't they, why don't the insurance companies try to, you know, adjust their policies to actually fit the law, and then do I understand correctly that they kind of tried to do that in Northwest Pacific v. Hamilton, and I think there is one other case. They tried to do that and kind of got punished for it a little bit in the sense that that is when it was found ambiguous and sort of got the result that you are asking for in this case. And so, am I correct in thinking that the reason, the reason insurance companies are doing this in Oregon is because they are relying on Collins and Mowry to say this will, you know, if we write something that everybody knows, or at least we know, is inconsistent, but it is at least not ambiguously inconsistent, then it will get, it will just get revised under Collins. But if we, if we write something that actually tries to thread the needle and get the, and do what we are supposed to do, but it is deemed to be ambiguous, then we get punished for it. So, we have got this kind of perverse, that is how I read all of this, is that, would you agree that that is sort of the situation we are in, and then if so, what do we as a, as a, not an Oregon court, a federal court reviewing Oregon law do with that? So, there are a few things there. I will try to address all of them. Wright, Wright versus State Farm and North Pacific versus Hamilton, I would certainly agree took an aggressive approach toward determining whether or not there is an ambiguity there. I think anybody who practices in the tort and insurance realm, reading those policies, has an idea about what the insurers were trying to accomplish. The Supreme Court, in those cases, reviewed them. It is, they fly-specced them, is the word that I would use to describe what they did there to find ambiguity and to apply the stated limits rather than the unstated FRL limits. Two, in terms of an insurance company relying on Collins after Mowry, I think that has to be very limited to only an insured versus an insured exclusion. The court in Mowry... Nobody doesn't say that, I don't think. You know, the other way to look at it would be to say that Oregon Supreme Court had squarely before an opportunity to overturn Collins and, you know, could have done so and did not do so and basically distinguished Hamilton and the other case. And so, I understand that is your argument. I am just trying to figure out, I mean, I think what you said was exactly what I thought. I appreciated your candor. It did look like those Hamilton and the other case, the State Court were very aggressive. And so, it is hard to feel sorry for insurance companies, but like what do you, if you are an insurance company, what do you do in that circumstance? You have got this precedent that says if you write it wrong, but it is clearly wrong, we will just reform it. But if you try to actually write it the right way and we will fly spec it and determine it is ambiguous and then you will get, you are punishing them. So, what do you do with that? What do insurance companies do with that? And that is the third point. What you do is draft the exclusion similar to the way that they drafted the terrorism exclusion in this case. Essentially state that the minimum supply when a certain fact exists. There are several ways they could do it. They could, in the declarations page, general limit of liability is 2 million. The limit for customers is 2550 and then have policy language which accomplishes that effect. There are ways to do this to separate the required coverage from the not required coverage. They could do what many insurers did for a number of years, have the policy and then as the policy in Collins did, have something, a provision which says we provide the FRL minimum coverage with an endorsement that says that. In your opening brief, you seem to concede that the exclusion here isn't as ambiguous as the one in Hamilton and Wright. In your reply brief, you seem to walk that back a little. Can you clarify that? Are you still saying the exclusion here is ambiguous or is that not so and you're relying on your earlier arguments really primarily? There is ambiguity in the policy in terms of what limit applies to a permissive user who has required coverage. In terms of the customer exclusion itself, I think if Lucas West, our permissive user here were driving or were to read the policy, A, he wouldn't know whether or not he is covered. B, he wouldn't know that the FRL says that he's covered even though the policy, if read carefully, says he doesn't. And C, the policy, the customer exclusion in the sub 1 and sub 2 provisions where it talks about we're going to apply 2550 or a $60,000 combined single limit does not specify which one of those it is. So in that sense, there's ambiguity in that particular provision. The larger ambiguity argument that I think we're making is a contract-based ambiguity argument for failure to state the limits. The limits for an amount that are stated in the policy, which is the thing that we are trying to get to, or the policy is ambiguous about whether the stated limit or a $25,000 unstated limit is something that's going to be imported into the policy when that is also not mentioned in the policy and the source that that comes from, the statute, the FRL, also not mentioned in the policy. It seems like you're asking us to fly-spec this even more, because you may be right. I think the Oregon courts fly-spec, you know, Wright and Hamilton. Do we do that even more now? I'm sorry? Do we even fly-spec these policies even further to find ambiguity? I think they do need to be fly-spec, yes, because insurance companies have the burden to draft clear exclusions, to draft clear limitations on the policy. And they also, by statute, 742.028, are not allowed to have things contrary to law. You have less than two minutes. You can continue if you want, but I just wanted to let you know. Okay. So the last thing that I wanted to say, the failure to state limits, which is another statutory basis, it is required by 742.450. State means to set forth or to explain the particulars of, and here the policy fails to state a $25,000 limit because that is nowhere in the policy for Mr. West. All right, I think that's all I have for right now, and I see about a minute 15 left. Thank you, Your Honor. Thank you. May it please the Court, Jay Beatty appearing on behalf of MidCentury Insurance Company. The trial court concluded that the who is the insured provision in the MidCentury policy wasn't ambiguous. The defendants didn't assign error to that conclusion, nor did they raise that argument in their opening brief. The ambiguity argument appears for the first time in the reply brief, and under the law of this circuit that's too late. It's not preserved and it's waived. The ambiguity argument really isn't currently before this court and doesn't need to be decided by this court. In their opening brief, what plaintiffs, excuse me, what defendants stated was that there was only one issue in this case, and the issue was how does a court deal with an exclusion that purports to limit the coverage required by the financial responsibility law? Is that exclusion completely void, or is it void only to the extent that it conflicts with the financial responsibility law and is enforceable above the minimum amounts required by the financial responsibility law? That is the 2550 limits that are required by ORS 80606, excuse me, 070. The answer to that question is simple, and it's the one that was chosen by the trial court. Every reported case in Oregon holds that if an exclusion in an auto policy violates the required coverage under the financial responsibility law, the policy is reformed and the exclusion is unenforceable to the extent of the coverage required by the financial responsibility law. 806080 requires to satisfy the financial responsibility law that the insured obtain an insurance policy, and the insurance policy must contain the minimum limits, and if it doesn't, those will be read into the policy. For example, if you had a policy that simply had no permissive user coverage, what an Oregon court clearly would do is read that permissive user coverage into the policy to the extent of the limits required by the financial responsibility law, that is the 2550 limits. That's exactly what the cases say, and those cases bind this court. That's the rule in Collins v. Farmer, Farmers v. Mowry, and Safeco v. American Hardware, which is a virtual template of this case. There is no case reported in Oregon that holds that an exclusion that violates the financial responsibility law is just void, it goes away, and insured is entitled to the full limits of the policy, notwithstanding a clear and unambiguous exclusion. Just touching briefly on the ambiguity issue, in the mid-century policy, the who is an insured provision has an exclusion for permissive users who are customers. It's clear and unambiguous, customers aren't covered. There is an exception to the exclusion if the customer does not have a minimum limits insurance policy. The defendants in this case would have the burden of proving that exception to the exclusion. They have conceded in this case that the exception to the exclusion doesn't apply because Mr. West, the at-fault driver, had a minimum limits insurance policy in force at the time of the accident, which really bounces us into the Safeco v. American Hardware case, where depending on the amount of damages in this case, you end up with a Lamb-Weston argument between two insurance companies, both of whom have minimum limits. Probably not an issue that will arise in this case due to the magnitude of the injuries. But the bottom line is that the defendants are asking you to basically reevaluate controlling Oregon case law, and that's not the role of this Court. It has to give effect to Oregon case law and not project what it – what the Oregon courts have arguably gotten it wrong, because they haven't, and they've reconsidered the decision in Collins vigorously in Maori. The defendants in this case are basically relying on a concurring opinion of Justice Durham, who thought that Collins was wrongly decided. Well, with all due respect to Justice Durham, I would disagree that it was wrongly decided, but it's a concurring opinion. He agrees with the majority that Collins will be upheld on stare decisis basis, and to the extent that he disagrees with the reasoning in Collins, it's a dissenting opinion, which certainly isn't Oregon case law, and it's not binding on this Court or any other Court. There really, in my estimation, is no avenue for this Court to reconsider what is clear and controlling Oregon case law, and under the Erie Doctrine, it is binding on this Court. I mean, you would agree, though, that the apparent rule in Collins and Maori really doesn't make much sense, right? I mean, it seems like you – insurance companies blatantly ignore the law, and you benefit from it. I understand the argument that that's what the Court said, their stare decisis, but you agree the rule really doesn't make much sense? I think that the rule makes absolutely perfect sense. The legislature has said that every policy has to provide an insured with the minimum coverage as required under the financial responsibility law. So anybody who gets into a car as a permissive user can be certain that they're getting at least those limits. I mean, maybe it makes sense with insurers because it's good for the insurer's bottom line, but it really doesn't make sense that if the insurer's language is that ambiguous versus clearly violating the law, I mean, that's just so counterintuitive. Well, looking at this from the standpoint of the actual insured in this case, car care, it looks at the policy and it says, gee, I don't have coverage. There's no permissive user coverage under my policy for my customers, which to car cares or from car care's perspective is perfect because they don't want to pay premium based on the bad driving record of their various loaner car users. And interestingly, under the self-insurance provision of the financial responsibility law, rental car companies that are self-insured are expressly permitted to offer self-insurance that has a cutout in it exactly like the mid-century policy that says, we will provide coverage only in the event that your auto users don't have their own coverage. And if they don't have their own coverage, we will only provide coverage up to the minimum limits required by the financial responsibility law. I believe that's 806.130. And that's... It sounds like your answer to Judge Lee's question is that it makes sense because you just, but it sounds to me like you're arguing based on your policy views of what kind of, whether insurance companies should not be able to offer certain types of insurance, which is, so that, yeah, that's fine. But the Oregon legislature makes you provide all kinds of insurance. They provide, they say you can't opt out. If you're going to provide this kind, you have to also provide this kind. Yes. And so if you take all that as a given, you put all those policy issues aside and assume that as courts we don't, you know. I guess I'll ask the question slightly differently. It is true under Collins and Marbury, the problem, one problem with this is that people are, under your argument, they're provided a certain type of insurance, but their policy doesn't say it. So if you read the policy, you wouldn't even know you had those basic limits of insurance because it actually excludes them. So that's, I mean, that seems a little weird, doesn't it? By weird, I mean not that your insurance company doesn't like it because they don't make a claim. By weird, I mean like people should be able to know what kind of insurance they've bought. Yes. Subject to this caveat that these policies are written on a nationwide basis. They're rated by ISO. They're basically submitted in each state with laws. So Oregon has all kinds of weird. I mean, I helped litigate the Farmers v. Strachan case, so I'm very familiar with Oregon. So Oregon has all kinds of weird rules. I mean, the legislature seems to be in that business. And, you know, it's not our job to second-guess that. So that is a problem. I mean, to go to the gist, I think, of Judge Lee's question, that is a problem. I'm not saying that we can do anything about that, but the problem with the Collins v. Mulberry circumstance is insurance companies are incentivized, instead of writing an insurance policy that actually makes, that actually says what is in the insurance policy, you have an insurance policy that says stuff that's not true and your average insurer doesn't, maybe your lawyers know, but your average insurer doesn't know. I don't know what we do with that, but that's true, right? Right. And I do want to point out the fact that the insured in this case is CarCare. It's not Lucas West. He probably had no idea what kind of insurance policy had been issued to CarCare. CarCare knew exactly what insurance it had because it had a copy of the policy, obviously. You point out something that is important, and that is after the opinion in Collins and about the time of the Safeco opinion versus American Hardware, the legislature amended 742.450 and prohibited insured versus insured or family member exclusions. And in passing that statute, it mentions Collins. It endorses sort of the analytical framework of Collins. It just says we don't like family member exclusions. We think that the kind of exclusion discussed in Mallory and Collins in particular is unusual for insureds because it's not an exclusion of who is covered under the policy, but it's an exclusion of what is covered. So we could talk all day about, you know, whether this makes good policy to allow certain exclusions and not other exclusions, but none of that really. The issue that's odd and the perverse thing, it seems to me, and I want to know if you will at least acknowledge that or agree, is that if you allow, and this I think is what's discussed in the concurrence in Mallory, which is if you allow the Collins-Mallory sort of where you're able to, where you just reform the contract, it creates a perverse situation where insurance companies don't actually write the contract consistent with what people are actually getting with their insurance. And so people don't know by reading their contract. They have to get a lawyer or something to know what kind of coverages they have. You would agree that that's the outcome of this, of these cases that I was talking about earlier with your colleague on the other side where the insurance companies, I think, I don't know that this is the insurance company's fault because they tried to do it as best they could tell and then they got punished for doing so. So they went back to the we're just going to write blatantly wrong. As long as they're clearly wrong, we want them to just write wrong contracts or incorrect contracts. That's the world we're in, right? I think that's a fair statement. The insurance companies are obligated to provide the coverage provided by statute, obviously. Nobody is arguing that point. And really we are looping back to the original question in this case, what happens when they don't? And it's true that in many cases they don't. They have exclusions, including the exclusion in this policy that purports to eliminate coverage that's required by law. And it just brings us back to where we started. What do you do in that circumstance? And the Oregon courts have already come up with the rule. You read that coverage into the policy, but no more. There is no basis for anyone looking at this policy, believing that they're going to get $2 million in liability coverage. Neither Car Care could believe that, nor Mr. West, when he borrowed this van. In fact, when he borrowed the van, the record below will show that he signed a statement saying that he was fully liable for everything and that there was no liability on the part of Car Care. As a matter of fact, that's a permissible provision under the Oregon tort law. People who loan cars out are not liable, I mean, absent some other basis of liability for the negligence of those who borrow the car. So from Mr. West's standpoint, he probably had no expectation of any coverage. Assume Collins and Mowrey disagree. The rules don't make much sense. Just assume that. And both of those cases dealt with insured versus insured exclusions. I mean, would it make sense for us to read those opinions narrowly if we think the opinions really don't make much sense? Or just read it very narrowly that way? Another interesting point, because that brings you back to Viking versus Peterson and Viking versus Perotti, which were two cases that preexisted Collins and Mowrey. And in Viking versus Peterson, there was an exclusion for any driver under 25 years of age. Of course, a 19-year-old is driving a car, gets in an accident, and the policy completely excludes liability coverage for that 19-year-old driver. The court said, no, you can't do that. We're going to read the minimum financial responsibility law requirements into the policy. So that 19-year-old driver got a 25-50 coverage policy, notwithstanding the fact that the policy excluded all coverage, comprehensive, collision, PIP, all coverage for anybody who was under 25 years of age. So even ignoring Mowrey and Collins, you have Viking versus Peterson, which is right on point. You also have American Hardware versus Safeco, which is this case. It's the almost identical policy, and the court in that case said that the policy had to be reformed to provide at least the minimum coverage as required by the financial responsibility law. And I know this court has oscillated back and forth over the binding effect of appellate court opinions as opposed to the Supreme Court, intermediate appellate opinions as opposed to the Supreme Court. But Safeco versus American Hardware is entirely consistent with Mowrey and Collins, and it's applied in this situation to this policy, and it echoes the holding in Viking versus Peterson. So to put a point on it, there's just no Oregon case that contradicts the position that has been taken by mid-century in this case, and whether that's a good position, whether it's good policy, whether it's good Oregon law or not, that's what the Oregon law is. And there's no basis for contradicting these clear opinions that are well considered, particularly Mowrey, that looked at all of the arguments that are currently being raised. So it's not like something new has come up, and it is an epiphany for this court or any other. These are well-worn arguments. They were all addressed and considered in the Mowrey opinion.  Great. Thank you. Thank you.  To the court's point about reformation, since that comes up in Safeco versus American Hardware, and the court below, the district court judge wrote, reformation is the remedy based on Safeco versus American Hardware. The reformation in that case was requiring coverage of a permissive user. That case, Safeco versus American Hardware, did not address the limits of liability. If you look at it, even the amount of the damages, the amount that Safeco paid in that case is not apparent. There's only a vague statement that it was apparently more than one FRL minimum limit. It did not say that it was more than two, which would have to be to address the issue in this case where the damages are in excess of two FRL minimum limits. The other thing about reform is how far does it go in the context of this policy where there's an endorsement that says the only changes to the policy have to be in writing approved by mid-century. That is essentially a waiver of any kind of reformation in their favor. Collins and Mowrey are the only two cases that address the limits. The remainder of the cases about the FRL identify why the particular provisions violate the law, not covering somebody who's required to be covered, but they do not address the limits. The court is correct. The issue with this case is about whether insurers can break the law by having provisions that are contrary to the law. And I understand that they want that and they want that to continue, but we did identify a new basis that they cannot do that, which is the statute 742.028, which was not cited in any of the other opinions. And with that, thank you. Great. Thank you both for the helpful argument. The case has been submitted.
judges: LEE, VANDYKE, THOMAS